IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2107-D

| | | |
|---|---|---|
| WILLIAM SADLEIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ACTING WARDEN B. LOTT, | ) | |
| | ) | |
| Respondent. | ) | |

On May 8, 2025, William Sadleir ("Sadleir" or "petitioner"), a federal inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. Sadleir signed his petition and his attached affidavit under penalty of perjury. See id. at 19, 25. Sadleir challenges a disciplinary proceeding which resulted in the loss of sentence credit and claims the Federal Bureau of Prisons ("BOP") is not treating his cancer. See id. at 1. On August 20, 2025, this case was reassigned to the undersigned [D.E. 3]. On September 19, 2025, the court conducted a preliminary review under 28 U.S.C. § 2243 and allowed Sadleir's petition to proceed [D.E. 4].

On November 21, 2025, Acting Warden Lott ("respondent") moved to dismiss the petition [D.E. 9], and filed a memorandum in support [D.E. 10], a statement of material facts [D.E. 11], and an appendix of exhibits [D.E. 12]. Because the parties attached materials outside the scope of the pleadings, and Sadleir "has not responded with an affidavit or any other filing expressing a need to conduct discovery," the court construes respondent's motion as a motion for summary judgment. Head v. Rakowski, 695 F. Supp. 3d 663, 677 (D. Md. 2023); see Fed. R. Civ. P. 12(d). The same day, the court notified Sadleir of the motion, the consequences of failing to respond, and

the response deadline [D.E. 13]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Sadleir did not respond to respondent's motion. As explained below, the court grants respondent's motion and dismisses without prejudice Sadleir's petition.

I.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

A prisoner challenging the execution of his sentence generally must exhaust administrative remedies before seeking habeas relief in federal court. See Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished); Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010) (unpublished). The BOP has an administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–15; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). For appeals from disciplinary proceedings, an inmate first must appeal

2

directly to the Regional Director on a BP-10 form, and then to the Office of General Counsel (Central Office) on a BP-11 form. 28 C.F.R. §§ 542.14(d)(2), 542.15(a)–(b). "Appeal to the General Counsel is the final administrative appeal." Id. § 542.15(a).

"During his incarceration with the BOP, Petitioner . . . submitted a total of four (4) administrative remedies through the BOP's Administrative Remedy Program." Resp't Stmt. of Material Facts ("RSMF") [D.E. 11] ¶ 24.[1] Three of Sadleir's administrative remedy appeals "concern appeals from incident report number 3927975 and the resulting [disciplinary] proceeding." Id. ¶ 25; see [D.E. 12-1] ¶ 29; [D.E. 12-10] 2–3. On May 29, 2024, Sadleir submitted to the Warden his first administrative remedy appeal about his disciplinary proceeding. See RSMF ¶ 26; [D.E. 12-1] ¶ 30; [D.E. 12-10] 2. The Warden rejected the request the same day, because Sadleir "submitted the appeal to the wrong level of the administrative remedy procedure." RSMF ¶ 26.

On March 12, 2025, Sadleir submitted an administrative remedy appeal from his disciplinary proceeding to the BOP's Mid-Atlantic Regional Office. See RSMF ¶ 27; [D.E. 12-1] ¶ 31; [D.E. 12-10] 2. That office rejected the appeal on March 13, 2025, because Sadleir untimely appealed and did not submit the appeal on the proper form. See RSMF ¶ 27; [D.E. 12-1] ¶ 31;

---

[1] A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); see Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir. 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No. 7:14-CV-113, 2017 WL 1030706, at *1 n.1 (E.D.N.C. Mar. 15, 2017) (unpublished); Fed. R. Civ. P. 56(e)(2). Sadleir did not specifically controvert respondent's statement of material facts. Nevertheless, the court treats Sadleir's verified petition as the "equivalent of an opposing affidavit for summary judgment purposes" to the extent it is based on personal knowledge. Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021) (citation omitted); see Gowen v. Winfield, 130 F.4th 162, 175 (4th Cir. 2025).

3

[D.E. 12-10] 2. The rejection notice informed Sadleir that the BOP "entered the date of May 2, 2024, as the date which received the DHO report." RSMF ¶ 27. The rejection notice told Sadleir to "please provide a staff memo explaining why untimely filing was not your fault." Id. On April 11, 2025, Sadleir appealed the Regional Office's rejection to the BOP's Central Office. See id. ¶ 28; [D.E. 12-1] ¶ 32; [D.E. 12-10] 3. On April 21, 2025, the Regional Office rejected the appeal because Sadleir "appealed to the wrong level." RSMF ¶ 28. BOP officials instructed Sadleir to resubmit the BP-10 appeal to the Regional level in accordance with the instruction provided in the rejection notice. See id. The rejection notice also told Sadleir that "a rejection is not considered a response." Id. Sadleir did not submit any further administrative remedy requests about the disciplinary proceeding. See id. ¶ 29; [D.E. 12-1] ¶ 33.

Sadleir contends in his petition that he "has fully exhausted all administrative remedies available through the BOP, and any further administrative action is considered futile." [D.E. 1] 3. Sadleir states "[b]y the time [he] received the rejection" of his May 29, 2024 administrative remedy request, "the 20-day appeal window had expired, rendering the sanction final." Id. at 8. Sadleir, however, did not stop pursuing his administrative remedies when he received the rejection of his May 29, 2024 administrative remedy appeal. Rather, Sadleir refiled his administrative remedy appeal at the appropriate level, but the filing was rejected because he untimely appealed and did not submit it on the proper form. See RSMF ¶ 27; [D.E. 12-1] ¶ 31; [D.E. 12-10] 2. With the rejection, Sadleir received specific instruction to resubmit his appeal with "a staff memo explaining why the untimely filing was not [his] fault." RSMF ¶ 27; see 28 C.F.R. § 542.14(b) (listing valid reasons for delay). Sadleir disregarded the instruction in the rejection notice, and appealed to the incorrect level. See RSMF ¶ 28; [D.E. 12-1] ¶ 32; [D.E. 12-10] 3. The appeal was rejected. See RSMF ¶ 28; [D.E. 12-1] ¶ 32; [D.E. 12-10] 3. Sadleir again disregarded the

4

instructions in the rejection notice and did not submit any further administrative remedy requests about his disciplinary proceeding. See RSMF ¶ 29; [D.E. 12-1] ¶ 33.

In opposition, Sadleir cites Torres v. Milusnic, 472 F. Supp. 3d 713 (C.D. Cal. 2020), and contends that exhaustion in this case would be futile. See [D.E. 1] 11. In Torres, the court found exhaustion unavailable where the petitioners submitted evidence that the prison officials at Lompoc Correctional Institution instructed the inmates "not to submit grievances and requests for compassionate release because such grievances and requests were not being accepted due to understaffing" during the COVID-19 pandemic. See 472 F. Supp. 3d at 743. In contrast to Torres, BOP officials did not instruct Sadleir not to file administrative remedy appeals, or otherwise obstruct his ability to pursue the administrative remedy process. Instead, BOP officials provided Sadleir instruction about his administrative remedy appeals, and Sadleir failed to comply with the instructions. Thus, Sadleir has not demonstrated that exhaustion would be futile.

Sadleir has not exhausted available administrative remedies. Moreover, Sadleir has not presented any evidence or argument warranting excusal of exhaustion. See, e.g., Knight v. Bell, No. CV 20-3108, 2021 WL 1753791, at *3 (D. Md. May 4, 2021) (unpublished); Chestnut v. Mosley, No. 1:18-CV-639, 2018 WL 1886582, at *2 (D.S.C. Mar. 14, 2018) (unpublished), report and recommendation adopted, 2018 WL 1875448 (D.S.C. Apr. 19, 2018) (unpublished). Thus, the court grants respondent's motion for summary judgment.

To the extent Sadleir alleges he has not received necessary medical care, see [D.E. 1] 1, Sadleir cannot challenge his conditions of confinement in a habeas petition. See Farabee v. Clarke, 967 F.3d 380, 394–95 (4th Cir. 2020); Wilborn v. Mansukhani, 795 F. App'x 157, 162–64 (4th Cir. 2019) (per curiam) (unpublished) (collecting cases); Rodriguez, 715 F. App'x at 265–66; Braddy v. Wilson, 580 F. App'x 172, 173 (4th Cir. 2014) (per curiam) (unpublished). Instead,

5

Sadleir may seek to bring his claims under 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or the Federal Tort Claims Act. See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser v. Rodriguez, 411 U.S. 475, 494, 498–99 (1973); United States v. Muniz, 374 U.S. 150, 150–53 (1963); Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). Thus, the court dismisses without prejudice these allegations.

After reviewing Sadleir's petition, the court finds that reasonable jurists would not find the court's treatment of Sadleir's petition debatable or wrong, and that the petition does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

## II.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 9], and DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 for failure to exhaust administrative remedies [D.E. 1]. The court also DISMISSES WITHOUT PREJUDICE petitioner's claim about his medical care. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 26 day of March, 2026.

James C. Dever

JAMES C. DEVER III
United States District Judge

6